[52 U. S.] 248, 265, the claim was for an improvement in making door and all other knobs of all kinds of clay used in pottery, and of porcelain, in having "the cavity in which the screw or shank is inserted, by which they are fastened, largest at the bottom of its depth, in the form of a dovetail, and a screw formed therein by pouring in metal in a fused state." The patent was deemed invalid for want of invention.

Upon this question of invention, it is proper you should have some general rule, to control you while acting upon the evidence in the case which refers to it; and I instruct you that, if the flattening of the bottom of the tines of the fork is a process which, in your opinion, required no more skill or ingenuity than that possessed by an ordinary mechanic skilled in the business, the patent is invalid. If, on the other hand, there was an exhibition of inventive faculty beyond the skill of a capable mechanic, the patent is good.

As to the damages. The statute gives actual damages sustained by the plaintiffs; the power to inflict a greater amount is committed to the discretion of the court, within the limit of trebling the actual damages found by the jury. If the plaintiff has given you sufficient testimony to enable you to find the damages incurred by him, by sales made of the article constructed by defendant, that will constitute a correct basis on which you can act. If none such has been given to you, your attention must be directed to such other items which he has proved. The damages in actions similar to the present, must not be conjectural, but actual.

With foregoing views of the legal principles which should control you in your deliberations, I leave with you the facts for your adjudication.

Verdict for plaintiffs for the sum of $800.

TEFFRY (UNITED STATES v.). See Case No. 16,443.

TEFT (HURST v.). See Case No. 6,939.

## Case No. 13,820.

### The TELAMON.

### [4 Adm. Rec. 570.]

District Court, S. D. Florida. March 14, 1852.

SALVAGE — COMPENSATION — SEPARATE CONSORT-SHIPS.

[Twenty per cent. allowed on goods saved from a wreck, with comparatively little labor and expense, by a first expedition, 50 per cent. on goods saved partly by diving, by a second expedition, and 60 per cent. on goods saved entirely by diving, by subsequent expeditions.]

[Cited in The Isaac Allerton, Case No. 7,088; Baker v. The Slobodna, 35 Fed. 541.]

[Libel in rem by William Lowe and others against the cargo and materials of the ship Telamon for salvage.]

Thomas F. King, for libelants.
Wm. R. Hackley, for respondent.

MARVIN, District Judge. The ship Telamon while on a voyage from New York to New Orleans ran ashore on the Delta Shoals, near Key Vacas, and was totally lost. The value of the materials and cargo saved by libellants amounted to $37,248.91. Every possible effort was made to save the ship, but without success. The goods saved by the seven vessels composing the first consortship amounted to $23,904.88, and this property was saved in good condition, or nearly so, and with but little labor and difficulty as compared with that subsequently saved. The goods saved by the nine vessels composing the second consortship amounted to $7,967.26. This property was saved in a damaged condition, and in part by diving. The goods saved by the third consortship, composed of seven vesels, amounted to $1,-283.76, and were all saved by diving. The goods saved by the fourth consortship, composed of five vessels, amounted to $496.17, and were saved by diving. This consortship also saved the materials amounting to $2,417.74, and expended $900 for hire of windmills and pumps employed in their unsuccessful efforts to float the ship. Certain other vessels saved property worth $1,179.10 by diving. The court awarded 20 per cent. to the first consortship, 50 per cent. to the second consortship, and 60 per cent. to the others on the amount saved by each, respectively, and also awarded to the fourth consortship the amount expended for hire of windmill and pumps.

## Case No. 13,821.

### The TELEGRAPH.

[Cited in Wallis v. Chesney, Case No. 17,110. Nowhere reported; opinions of district and circuit courts not now accessible.]

TELEGRAPH, The. See Case No. 9,217.

TELEGRAPH CO. (DORGAN v.). See Case No. 4,004.

## Case No. 13,822.

### The TELLER.

### District Court, 1839.

MARITIME LIENS—REPAIRS AND SUPPLIES—HOME PORT.

[Cited in Thomas v. The Kosciusko, Case No. 13,901, and Ben. Adm. 162, to the point that the general maritime law does not provide a lien for supplies and labor furnished a vessel at her home port, since, in the absence of state regulation, such supplies and labor are presumed to have been furnished upon the personal credit of the owner of the vessel.]

[Nowhere reported; opinion not now accessible. Affirmed by circuit court; opinion not reported.]